```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


CENAC TOWING COMPANY, INC.                CIVIL ACTION

VERSUS                                    NO. 07-3545

BILLY WAYNE RAY JR.                       SECTION "F"
```

ORDER AND REASONS

Before the Court are two motions: (1) the defendant, Billy Wayne Ray Jr.'s motion to dismiss Cenac Towing Company, Inc.'s action for declaratory relief; and (2) Cenac Towing Company's motion to stay the motion to dismiss. Ray's motion to dismiss is GRANTED and Cenac's motion to stay is DENIED.

Background

On September 28, 2006, Billy Wayne Ray Jr. allegedly sustained injuries to his hand while working as a deckhand aboard the vessel M/V LYDIA CENAC. On June 29, 2007, Cenac Towing Company, Inc., owner of the vessel, filed this action in federal court, seeking adjudication and declaration of its obligation to pay maintenance and cure benefits to Mr. Ray. On July 12, 2007, Mr. Ray sued Cenac in Harris County, Texas, under the Savings to Suitors Clause,

1

28 U.S.C. § 1333, and the Jones Act, seeking to recover damages, and maintenance and cure benefits, for the injuries he sustained in the September 28, 2006 incident.[1] Mr. Ray now moves to dismiss Cenac's federal declaratory action.

I.

The Declaratory Judgment Act, 28 U.S.C. § 2201, instructs that a district court is not required to consider declaratory relief, and that it is a matter for the district court's sound discretion whether to entertain a declaratory judgment at all. Mission Insurance Co. v. Puritan Fashions Corp., 706 F.2d 599, 601 (5th Cir. 1983). In making this determination, the Court considers whether there is a pending state court proceeding in which the matters in controversy between the parties may be fully litigated; whether the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping; and the possible inequities in permitting the declaratory relief plaintiff to gain precedence in time and forum, or because of inconvenience to the parties or the witnesses. See Rowan Companies, Inc. v. Griffin, 876 F.2d 26, 28 (5th Cir. 1989). The Court must also consider the fact that a maintenance and cure claim joined with a Jones Act claim must be submitted to a jury when both arise out of the same set of facts. See Id., citing Fitzgerald v. United

---

[1] Cenac filed a motion to dismiss Mr. Ray's state court action on September 14, 2007, arguing that, under a forum selection clause in the employment agreement, Texas is not the proper venue.

2

States Lines Co., 374 U.S. 16, 83 (1963). These considerations greatly influence this ruling.

In this case, Mr. Ray filed suit in state court two weeks after the declaratory judgment suit was filed, asserting claims under the Jones Act and general maritime law for damages, and for maintenance and cure benefits. Mr. Ray contends that Cenac's attempt to use a declaratory judgment action to resolve its obligations to pay maintenance and cure benefits would deprive Mr. Ray of his right to trial by jury on these very same issues.[2] The Court agrees. In Fitzgerald v. United States Lines Co., 374 U.S. 16, 83 (1963), the United States Supreme Court held that "a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts." It is undisputed that all of Mr. Ray's claims arise out of the same set of facts, namely, the injury he allegedly sustained while working onboard the M/V LYDIA CENAC on September 28, 2006.

Cenac urges the Court to allow its declaratory action to continue, because Mr. Ray's state-court petition will likely be dismissed for improper venue. Specifically, Cenac asserts that Mr. Ray's employment agreement contains a forum-selection clause that prevents him from suing Cenac in any state or federal court located

---

[2] The Jones Act states: "[a] seaman injured in the course of employment. . . may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section." 46 U.S.C. § 30104(a).

outside of Louisiana. Courts have taken different positions on whether forum-selection agreements in employment contracts are enforceable under the Jones Act. In Boutte v. Cenac Towing, Inc., 346 F.Supp.2d 922 (S.D. Tex. 2004), the district court held that forum-selection clauses are unenforceable in Jones Act suits by domestic seamen against their domestic employers. Since Boutte, however, the Fifth Circuit decided Terrebonne v. K-Sea Transp. Corp, 477 F.3d 271, 282 (5th Cir. 2007), which held that an arbitration clause in a settlement agreement between a seaman and his employer was enforceable under the Jones Act.[3] This Court declines to predict whether or not the Harris County court in Texas will conclude that venue is improper. And, either way, the fact remains that, because Mr. Ray's claim for maintenance and cure benefits arises from the same set of facts as his personal injury claim under the Jones Act, he is entitled to a jury trial on both claims. See Fitzgerald v. United States Lines Co., 374 U.S. 16, 83 (1963). Therefore, declaratory relief is not appropriate. See Rowan Companies, Inc. v. Blanton, 764 F.Supp. 1090, *1091-1093 (E.D. La. 1991)(dismissing vessel owner's declaratory action regarding maintenance and cure obligations when seaman filed subsequent state court action arising out of same facts); Chet Morrison Offshore, L.L.C. v. Heyden, 2007 WL 1428697, at *1 (E.D. La. 2007) (dismissing preemptive declaratory action in maritime personal

---

[3] The court of appeals found Boutte "distinguishable because the [forum selection] agreement there held invalid was not an arbitration agreement. . . ." Terrebonne, 477 F.3d at *283.

4

injury case).

Accordingly, Mr. Ray's motion to dismiss Cenac's declaratory judgment action is GRANTED and Cenac's motion to stay this ruling is DENIED.


New Orleans, Louisiana, November 7, 2007.


_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE